# EXHIBIT A

Civil Action No. **2014-CV-1934-3**

Date Filed **9/22/2014**

Superior Court ☒  Magistrate Court ☐
State Court ☐   Probate Court ☐
Juvenile Court ☐

Georgia, **Newton** COUNTY

Attorney's Address
Benjamin Kardy
Law Offices of Benjamin B. Kardy LLC
534 Medlock Rd. Suite 109
Decatur, GA 30030

Name and Address of Party to be Served.
C.R. Bard
% Corporations Process Company
2180 Satellite Blvd.
Duluth, GA 30097

**Kinshu Bay**  Plaintiff

VS.

**CR Bard Inc.**  Defendant.

Garnishee

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant **C R Bard Inc** a corporation by leaving a copy of the within action and summons with **Linda Kent (R/p)** in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This **9** day of **Oct**, 20**14**.

12:20pm

_____ DEPUTY

SHERIFF DOCKET _____ PAGE _____

# IN THE SUPERIOR COURT OF NEWTON COUNTY
# STATE OF GEORGIA

| | |
|---|---|
| KINSHU RAY, | ) |
| Plaintiff, | ) Civil Action |
| | ) 2014CV1934-3 |
| v. | ) File no. |
| | ) |
| C.R. BARD, INC., | ) |
| Defendant. | ) |
| | ) |

*Filed stamps: 2014 SEP 22 PM 12:31, Linda D. Hays, Clerk, Newton County Superior Court*

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Benjamin Kandy**
**GA Bar Number 765357**
**The Law Office of Benjamin B. Kandy LLC**
**534 Medlock Road**
**Suite 109**
**Decatur, GA 30030**
**(678) 824-2251**
**ben@bkandylaw.com**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 22nd day of September, 2014

Linda Dalton Hays
Clerk of Superior Court

By _____
~~Deputy~~ Clerk

IN THE SUPERIOR COURT OF NEWTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| KINSHU RAY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) |
| | ) |
| C.R. BARD, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Kinshu Ray (hereinafter "Plaintiff"), and files this lawsuit against Defendant, C.R. Bard, Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter "FLSA") during a period of the Plaintiff's

1

employment with Defendant from approximately August 2012 until September 2013 (hereinafter referred to as the "Relevant Time Period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b).

4.

Plaintiff is a resident of the State of Georgia.

5.

Defendant is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

6.

The unlawful employment practices described herein occurred at Defendant's facility at 8195 Industrial Boulevard Covington, Newton County, GA 30014. The Defendant conducts business in Newton County, Georgia and is within the jurisdiction of this court.

7.

Defendant may be served through its Georgia registered agent for service, Corporations Process Company, which is located at 2180 Satellite Boulevard Duluth, Georgia 30097.

8.

Venue is appropriate as because the events leading to the cause of action originated in this County and the corporation has an office and transacts business in this County.

### III. Parties

9.

Plaintiff is an "employee" of Defendant as defined under 29 U.S.C. §203(e).

10.

During the Relevant Time Period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for which she was not paid any overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 U.S.C. §203(r)(1), §203(s)(1).

13.

Defendant is an "employer" within the definition of 29 U.S.C. §203(e).

14.

Defendant is governed by and subject to 29 U.S.C. §204 and §207.

15.

Defendant employed Plaintiff during the Relevant Time Period.

### IV. Facts

16.

Plaintiff began working for Defendant August, 2012 and stopped working for Defendant September, 2013.

17.

Defendant claimed that Plaintiff was an independent contractor and not an employee.

18.

Plaintiff worked for Defendant as a Field Assurance Specialist.

19.

Plaintiff's primary duty was entering information from forms into a computer data base and generating reports from that data.

20.

Plaintiff performed her work in a facility operated by Defendant

21.

Plaintiff used equipment provided by Defendant to perform her duties.

22.

For example Plaintiff used a computer supplied by the Defendant to do data entry at the instruction of Defendant.

23.

Defendant instructed Plaintiff on how to perform her duties.

24.

Plaintiff had no previous skill or training in how to perform her duties.

25.

Plaintiff's position of Field Assurance Specialist did not require skill or training other than instruction provided by Defendant.

26.

Plaintiff's work hours were set by Defendant.

27.

Plaintiff had to ask for permission and get approval from Defendant in order to deviate from her set hours.

28.

Other individuals performed the same duties, with the same job title, in the same facility, using the same equipment as Plaintiff.

29.

Many of these individuals were provided to Defendant by third party staffing agencies.

30.

The individuals who were provided by staffing agencies were treated as employees for the purpose of compliance with state and federal labor laws.

31.

Other individuals with the same job title, performing the same duties, in the same facility, using the same equipment as Plaintiff did were paid an overtime differential when they worked over 40 hours in a work week.

32.

Plaintiff was paid $21 per hour.

33.

Plaintiff was not paid on a salary basis.

34.

Plaintiff completed weekly time sheets.

35.

An agent or representative of Defendant would examine and sign Plaintiff's weekly time sheet. This was most often Nycole Sayer.

36.

Plaintiff occasionally worked more than 40 hours in a work week.

37.

Plaintiff's time sheets showed when she worked more than 40 hours in a work week.

38.

Plaintiff was paid her regular rate of $21 an hour for each hour worked, even for hours worked over 40 in a work week.

39.

From August 2012 until December 2012 Plaintiff was asked by her manager Stephanie Stephens to take a half hour off her time sheet for lunch even when Plaintiff worked during her lunch break.

40.

Plainitff was not paid at all for some of the hours that she worked because she was made to take a half hour off of her time sheet for lunch even when she worked during that time.

41.

During the Relevant Time Period, Plaintiff was not paid the overtime wage differential required by 29 U.S.C. §207, on the occasions that Plaintiff worked over forty (40) hours in a workweek.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

42.

Defendant has violated 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek during the Relevant Time Period.

43.

Pursuant to 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

44.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant 29 U.S.C. §207; liquidated damages as provided by 29 U.S.C. §216§; pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216; court costs, expert witness fees, and reasonable attorneys' fees as provided under 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(D)   Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 22nd day of September, 2014.

9

**THE LAW OFFICE OF
BENJAMIN B. KANDY LLC**

*/s/ Benjamin B. Kandy*

Benjamin B. Kandy
Georgia Bar No. 765357
Attorney for Kinshu Ray

The Law Office of Benjamin B. Kandy
534 Medlock Road
Suite 109
Decatur, GA 30030
(678) 824-2251
ben@bkandylaw.com